UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL MANCINI, *et al.,* | ) Civil No. 07cv1750-L(NLS) |
| Plaintiffs, | ) **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE [doc. #11] and GRANTING REQUEST FOR JUDICIAL NOTICE [doc. #21]** |
| v. | |
| THE INSURANCE CORPORATION OF NEW YORK, | |
| Defendant. | |

Defendant The Insurance Corporation of New York ("INSCORP") moves to strike portions of plaintiffs'[1] first amended complaint ("FAC") under Federal Rule of Civil Procedure 12(f). The motion has been fully briefed and is decided without oral argument.

**1.   Background**

    **a.   Underlying Action**

Mancini was a plaintiff in an action in the San Diego Superior Court, *Mancini v. Brookfield Waterford, Inc.*, GIC836666 ("underlying action"). In that case, Mancini sought reimbursement and damages for property damages resulting from construction defects that were alleged to have been caused by SMP. Cross-defendant SMP tendered the action to its insurer,

---

[1] Plaintiffs are Carol Mancini ("Mancini"), as assignee of San Marino Plastering, Inc., and San Marino Plastering, Inc. ("SMP") (collectively "plaintiffs"). SMP is INSCORP's insured.

INSCORP but INSCORP denied coverage.  SMP settled the case with Mancini and other plaintiff-homeowners.  As part of the settlement SMP assigned to Mancini all its rights, claims and causes of action against INSCORP, except for emotional distress and punitive damages.  As a result of the assignment, Mancini, along with SMP, filed the above-captioned case.

### b. Present Case

Plaintiffs filed this action on August 3, 2007, in the San Diego Superior Court.  Defendant removed the case on the basis of diversity jurisdiction.  In their complaint, plaintiffs alleged, based on the commercial general liability insurance policy and two excess liability policies issued by INSCORP to SMP, breach of written contract – failure to defend and to indemnify; breach of the implied covenant of good faith and fair dealing – failure to defend and to indemnify; reformation and declaratory relief.

Defendant moved to dismiss the complaint contending that there was no coverage under the primary policy and no coverage under the express terms of the excess policies and therefore, plaintiffs had failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).  On October 12, 2008, prior to the time plaintiffs' opposition to the motion was due to be filed, defendant withdrew its motion.  Plaintiffs then filed their FAC which asserted the same causes of action but for the reformation claim which was deleted.  Defendant filed the present motion to strike portions of the FAC.

### 2. Legal Standard for a Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  Motions to strike are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *See Rosales v. Citibank*, 133 F. Supp.2d 1177, 1180 (N.D. Cal. 2001); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).  A federal court will not exercise its discretion under Rule 12(f) to strike a pleading unless the matters sought to be omitted have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. *Id.* Ordinarily a motion to strike will not be granted unless "the matter to be stricken clearly could

have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp.2d 1048, 1057 (N.D. Cal. 2004). Where the motion involves background or historical material, it should not be granted unless the material is prejudicial to the opponent. *See LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike. *See In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). Striking pleadings is "long disfavored," and only appropriate where allowing the improper matter to linger in the pleadings will prejudice the moving party. *Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 518 (N.D. Cal. 2004). "Motions to strike are rarely granted in the absence of a showing of prejudice to the moving party." *Freeman v. Alta Bates Summit Med. Ctr. Campus*, 2004 WL 2326369, at *2 (N.D. Cal. 2004)(citing 61 AM. JUR. 2D PLEADING § 505 (West 1999)). Matters may be stricken to reduce trial complication or if challenged allegations are so unrelated to plaintiff's claims to be unworthy of consideration as a defense and their presence in the pleading will prejudice the party seeking to strike matters. *Fantasy, Inc.*, 984 F.2d at 1527. "[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong*, 922 F. Supp. at 1478 n. 34 (C.D. Cal. 1996). When considering a motion to strike, the court "must view the pleading in a light most favorable to the pleading party.*" In re 2TheMart.com, Inc.,* 114 F.Supp. at 965.

As noted above, a motion to strike may be granted with respect to language that is "redundant, immaterial, impertinent, or scandalous." An "immaterial" matter has no essential or important relationship to the claim for relief or defenses pleaded. *California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp.2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993); *Gilbert v. Eli Lilly & Co., Inc.*, 56 F.R.D. 116, 120, n. 5 (D.P.R. 1972). An "impertinent" allegation is neither responsive nor relevant to the issues involved in the action and which could not be put in issue or given in evidence between the parties. *Fantasy, Inc.*, 984 F.2d at 1527; *Gilbert*, 56 F.R.D. at 120, n. 6. Scandalous pleadings are those that reflect cruelly upon the defendant's moral character, use repulsive language, or detract from the dignity of the

Court. *Skadegaard v. Farrell*, 578 F. Supp. 1209, 1221 (D.C.N.J. 1984), overruled on other grounds by *Aitchison v. Raffiani*, 708 F.2d 96 (3d Cir. 1983).

**3.     Discussion**

Defendant seeks to strike allegations in the complaint concerning other lawsuits against defendant; the filing and subsequent withdrawal of its motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6); claims that assert defendant's attorney acted as its agent; allegations seeking attorneys' fees; and allegations concerning and the prayer for punitive damages.

**a.     Other Lawsuits**

Defendant seeks to strike all allegations regarding other actions[2] involving INSCORP as irrelevant and immaterial to the present case. Defendant contends that whether INSCORP breached other policies or acted in bad faith on other occasions in unrelated cases does not demonstrate its conduct is wrongful in this action. INSCORP also contends that use of these other cases violates the litigation and/or the mediation privilege, the preclusion of evidence of settlement negotiations, and possibly confidential settlement agreements entered into in the prior litigations. Finally, INSCORP asserts that if these allegations remain in the FAC, the parties will be forced to litigate tangential, unrelated matters.

Plaintiffs argue, however, that reference to these cases is used merely to show a pattern of behavior on the part of INSCORP that could support their bad faith claims. The Court agrees. Defendant will not be prejudiced by the inclusion of these allegations, which are not scandalous, impertinent, immaterial or redundant. The allegations are relevant to the issues of pattern and practice and bad faith on the part of INSCORP. Any issues involving privilege and settlement agreements are best left for later in the litigation when the record has been developed. There is

---

[2] Paragraph 17 of the FAC states that INSCORP and SMP entered into a stipulated settlement in *San Marino Plastering, Inc. v. INSCORP* with respect to an underlying case, *Romano v. Brookfield Woodside, Inc.*, Sonoma Country Superior Court, case no. SCV-230000. Paragraph 18 of the FAC notes the case of *Pacific Lath and Plaster v. INSCORP,* San Diego County Superior Court, case no. 37-2007-50081-CU IC NC, that plaintiffs content demonstrate an intentional pattern of conduct on the part of INSCORP to wrongfully deny coverage to other plaster contractors over the same issues raised in the present FAC.

no basis for striking these allegations at this time.

### b.     Defendant's Motion to Dismiss

INSCORP seeks to strike certain paragraphs of the FAC that reference defendant's motion to dismiss the complaint filed in this action but later withdrawn. Plaintiffs contend that the filing of the motion to dismiss itself demonstrates post-filing bad faith on the part of defendant. Plaintiffs correctly argue that evidence of unreasonable settlement offers or other unreasonable conduct by the insurer during litigation may be admissible to show the insurer's bad faith. But a motion to dismiss does not involve an evaluation of plaintiffs' claims. Instead, a motion under Rule 12(b)(6) is an appropriate response when counsel has reason to assert that plaintiffs' complaint is factually or legally deficient. Having reviewed the motion to dismiss, the Court concludes there is no basis for finding the motion was for any purpose other than to challenge plaintiffs' complaint for failure to state a claim under Rule 12(b)(6). Additionally, plaintiff filed an amended complaint rather than go forward with its original complaint. It is arguable that part of the reason for the filing of an amended complaint is because deficiencies were pointed out in the withdrawn motion to dismiss. Because the filing of a motion to dismiss that sets forth the appropriate legal standard and reasonably applies that standard to plaintiffs' factual allegation cannot show bad faith, the Court will strike allegations in the FAC concerning the motion to dismiss as immaterial and prejudicial.

### c.     Attorney as Agent

Defendant contends that allegations concerning Brandon Fish ("Fish"), INSCORP's attorney, acting as INSCORP's agent must be stricken. But plaintiffs assert that rather than merely acting as counsel for INSCORP, Fish engaged in actual coverage decisions concerning SMP's claim as INSCORP's agent:

> The simple fact is that Mr. Fish was INSCORP's counsel and was the attorney at McCormick, Barstow, et al., *apparently* tasked with making coverage determinations concerning the San Marino tender.

(Plaintiffs' opposition at 14).

It is undisputed that Mr. Fish is an agent of INSCORP insofar as he is an attorney of record for INSCORP. Plaintiffs' allegation that Fish was acting as a claims adjustor because he

was INSCORP's attorney is not particularly credible and defendant provides some evidence to demonstrate that Fish was not acting as INSCORP's claims adjustor. As a procedural matter, however, the Court cannot consider materials outside the pleadings when ruling on a motion to strike. A motion to strike is comparable to a motion to dismiss in that the grounds for a motion to strike must appear on the face of the pleading under attack. Further, before a motion to strike can be granted "the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses [or claims] succeed." SCHWARZER, TASHIMA & WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 9:403 (2006) (quoting *Systems Corp. v. American Telephone & Telegraph*, 60 F.R.D. 692, 694 (S.D.N.Y.1973)).

As unlikely as it appears that plaintiffs' allegations concerning Fish will be able to be substantiated, the Court is unable to say, based solely on the amended complaint, that there are no questions of fact about the scope of his engagement as INSCORP's attorney. Further, the allegations do not meet the test of "redundant, immaterial, impertinent or scandalous" and defendant has not demonstrated how it will be prejudiced if the allegations are not stricken. The Court therefore will deny the motion to strike allegations concerning Fish's role in this action. Plaintiffs are urged to review Federal Rule of Civil Procedure 11(b)(3) if they intend to file a second amended complaint with allegations about Fish's agency relationship with INSCORP.

d.     Attorneys' Fees

Defendant did not address the issue of attorneys' fees in its reply. The Court construes defendant's silence to be a withdrawal of the issue from consideration.

**e.     Punitive Damages**

INSCORP seeks to strike plaintiff's allegations concerning and request for punitive damages because the allegations have not been pleaded with the requisite specificity under state law.

Federal Rule of Civil Procedure 8 sets forth the general requirements of notice pleading in the Federal Courts. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S.Ct. 992 (2002). Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and

plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The pleading requirements of the Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and whether the substantive law at issue is state or federal. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003)(citing *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136 (1965).

Further, although Federal Rule of Civil Procedure 9(b) requires a fraud cause of action to be pleaded with specificity, plaintiffs base their request for punitive damages on allegations of breach of the covenant of good faith and fair dealing, not fraud. There is no requirement that fraud be specifically alleged in order to plead a cause of action for bad faith.

Here, there is nothing whatsoever in the language of the amended complaint concerning punitive damages that could meet the test under Rule 12(f) of "redundant, immaterial, impertinent, or scandalous." Plaintiff is seeking to recover punitive damages which are clearly material and relevant to the issues involved in the action and there is nothing in the complaint that could be considered scandalous under any test. There has been no showing of prejudice to defendant if the allegations concerning and request for punitive damages remain in the action.

Finally, a party may move under Rule 12(f) to strike a prayer for relief "when the damages sought are not recoverable as a matter of law." *Bureerong*, 922 F. Supp. at 1479. In the insurance context, an insured may recover damages not otherwise available in a contract action, including emotional distress damages and punitive damages if there has been oppression, fraud, or malice by the insurer. *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 684 (1988)(An insurer's breach of the implied covenant of good faith and fair dealing "will provide the basis for an action in tort."); *Cates Construction, Inc. v. Talbot Partners*, 21 Cal.4th 28, 43-44 (1999). Plaintiffs entitlement to recover punitive damages sought in the present complaint, which has been adequately pleaded, will depend upon later developments in the case, including the evidentiary record. Thus, defendant's motion to strike punitive damages allegations and the prayer for relief from the amended complaint is denied.

**CONCLUSION**

Based on the foregoing, **IT IS ORDERED** defendant's motion to strike is granted in part and denied in part. Plaintiffs' allegation concerning defendant's motion to dismiss are stricken without prejudice. In all other respect, defendant's motion to strike is denied. **IT IS FURTHER ORDERED** granting defendant's request for judicial notice. **IT IS FURTHER ORDERED** plaintiffs shall file a second amended complaint in conformity with this Order no later than June 5, 2008. If plaintiffs file a second amended complaint, it shall not add new parties or new claims. **IT IS FURTHER ORDERED** that defendant shall file an answer or other appropriate response to plaintiffs' second amended complaint not later than June 13, 2008.

**IT IS SO ORDERED.**

DATED: May 29, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL