UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL MANCINI, *as assignee of San Marino Plastering, Inc.; and* SAN MARINO PLASTERING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE INSURANCE CORPORATION OF NEW YORK; *and* DOES 1 through 300, *inclusive*, <br><br> Defendants. | Civil No.07cv1750-L(NLS) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND GRANTING MOTION TO COMPEL PRODUCTION OF DOCUMENTS** <br><br> **[Docket Nos. 37, 41]** |

**I.    INTRODUCTION**

Plaintiff Carol Mancini ("Mancini"), along with other homeowners similarly situated, filed suit in the San Diego Superior Court against the developer and general contractor responsible for the construction of their homes. *Mancini v. Brookfield Waterford, Inc*., GIC836666 ("underlying action"). Plaintiff San Marino Plastering ("SMP", here collectively "Plaintiffs") was involved as a stucco and drywall contractor. The developer and general contractor sued SMP in a cross-complaint in the underlying action. SMP tendered the action to its insurer, Defendant The Insurance Corporation of New York ("INSCORP"), but INSCORP denied coverage and refused to accept defense of the underlying action. SMP settled the case with Mancini and other plaintiff-homeowners. As part of the settlement, SMP assigned to Mancini all its rights, claims and causes of action against INSCORP, except for emotional distress and punitive damages. As a result of the assignment, Mancini, along with SMP, filed

1

1  the above-captioned case, alleging breach of the insurance contract and failure to indemnify.

2        On May 4, 2009, INSCORP filed a Motion to Compel Further Responses to Requests for

3  Production of Documents. [Docket No. 37.]  On May 6, 2009, INSCORP filed a Motion to Compel

4  Further Responses to Interrogatories. [Docket No. 41.]  For the following reasons, the Motion to

5  Compel Further Responses to Interrogatories is GRANTED IN PART AND DENIED IN PART and the

6  Motion to Compel Further Responses to Production of Documents is GRANTED.

7  **II.    DISCUSSION**

8        Most of this dispute boils down to a single question: May Plaintiffs fulfill all of their discovery

9  obligations by reference to the universe of documents from the underlying litigation?  The answer is:

10  Plaintiffs cannot fulfill their obligation to produce documents by making the entire underlying litigation

11  file accessible without referencing which specific documents are responsive to which specific requests.

12      **A.    Legal Standards**

13        Rule 26 provides the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

17  Fed. R. Civ. P. 26(b)(1).  Rule 26 also provides the standards for limiting discovery:

> [T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

21  Fed. R. Civ. P. 26(b)(2)(C).  "Relevance for purposes of discovery is defined very broadly." *Garneau v.*

22  *City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998).  "The party seeking to compel discovery has the

23  burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter,

24  the party opposing discovery has the burden of showing that the discovery should be prohibited, and the

25  burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794 at *

26  1 (S.D. Cal. May 14, 2009).  Those opposing discovery are "required to carry a heavy burden of

27  showing" why discovery should be denied.  *Blankenship v. Hearst Corp.*, 519 F. 2d 418, 429  (9th Cir.

28

1975); *WebSideStory, Inc. v. NetRatings, Inc.*, 2007 WL 1120567, *1 (S.D. Cal. Apr. 06, 2007).[1]

## B. Motion to Compel Responses to Interrogatories

On February 18, 2009, INSCORP served Interrogatories to Mancini and SMP. Mancini and SMP responded to the Interrogatories on March 23, 2009. (Lozano Decl. Exs. D, E.) The parties met and conferred in an attempt to resolve their disputes, but were unsuccessful.

### 1. Improper Use of Rule 33(d)

INSCORP seeks to compel responses from Mancini to Interrogatory Numbers 1, 2, 3, 12-16 and 19 and to compel responses from SMP to Interrogatory Numbers 2, 3, 12, and 22 on the basis that Plaintiffs have improperly used Rule 33(d) to respond to these interrogatories.

Mancini purported to respond to Interrogatory Number 1, 2, 3, 12-16 and 19 by incorporating a ten page "preamble" that appears to be a legal brief on Mancini's legal and factual arguments in the case. This is not an appropriate method of responding to an interrogatory and the Court strikes the incorporation of the preamble. SMP also attempts to respond to interrogatories with a long preamble, which is stricken. Mancini then makes a brief response and adds that all facts can be found within the entire universe of documents involved in the underlying litigation, including expert reports, discovery responses, pleadings and depositions. This is not an appropriate response to an interrogatory.

The Federal Rules of Civil Procedure allow, in strictly limited circumstances, for a party to refer to specific business records in response to an interrogatory. Rule 33(d) provides:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

---

[1]Plaintiffs assert that a court should not grant a motion to compel discovery unless the moving party can show substantial prejudice from the denial of discovery. Plaintiffs' citation to two out of circuit cases involving untimely motions to compel discovery does not constitute a reason for the Court to ignore all of the relevant Ninth Circuit precedent. *See In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 339 (N.D.Ill. Sep 06, 2005) (finding untimely motion to compel can only succeed by showing actual and substantial prejudice.); *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001) (finding no abuse of discretion in denying untimely motion to compel in absence of actual and substantial prejudice.) INSCORP correctly cites the Ninth Circuit standard for review of denial of discovery, that the trial court's broad discretion to deny discovery will not be disturbed "except 'upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.'" *Sablan v. Department of Finance of Com. of Northern Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir. 1988) (citations omitted.)

> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). Mancini's attempt to use Rule 33(d) fails. First, the "assertion that pleadings, depositions, or exhibits are 'business records' under this rule has been rejected by every court to consider it." *Melius v. National Indian Gaming Com'n*, 2000 WL 1174994 at * 1 (D.D.C. Jul 21, 2000)(collecting cases); *SEC v. Elfindepan,* 206 F.R.D. 574, 576-78 (M.D.N.C. 2002); see also *E&J Gallo Winery v. Cantine Rallo, Sp.A.*, 2006 WL 3251830 (E.D. Cal. Nov. 8, 2006)(finding business records of a third party did not qualify for use of Rule 33(d).). SMP's attempt to respond to Interrogatory Numbers 2,3,12, and 22 by reference to expert reports and depositions also does not comport with Rule 33(d).

 Second, referring to a wide universe of documents does not specify the records in sufficient detail. *Dibbs v. The Franklin Mint*, 2007 WL 4327876 (W.D. Wash. Dec. 10, 2007) (responding to interrogatory by referencing entire document production does not specify records in sufficient detail.) Plaintiffs have not provided any justification for why the burden of reviewing the documents to identify where the answers can be found should be shifted to INSCORP. Plaintiffs next argue that providing responses to the interrogatories would constitute an undue burden because every document would have to be copied many times. Plaintiffs assert that they "do not wish to attached [sic] the multiple costs of repair from the underlying case to each response." (Opp at 10.) INSCORP has stated that Plaintiffs may refer to specific documents and need not re-print those documents.[2]

All of the Interrogatories in question in this section are "contention interrogatories" that seek all facts that support a particular contention. The Federal Rules of Civil Procedure provide:

> An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial

---

[2]Plaintiffs also state that INSCORP has taken the deposition of Mancini and concluded the deposition. To the extent that Plaintiffs are arguing that a party may not seek to compel responses to interrogatories after completing a deposition, there is simply no legal or logical support for such a position.

conference or other later time.

Fed. R. Civ. P. 33(c). Because Plaintiffs are more familiar with their contentions than INSCORP could be, the burden is not equal and the use of Rule 33(d) is inappropriate. *Fresenius Medical Care Holding Inc. v. Baxter Intern, Inc.*, 224 F.R.D. 644, 652 (N.D. Cal. 2004). While contention interrogatories are proper, they can impose a large burden. Contention interrogatories are often overly broad and unduly burdensome when they require a party to state "every fact" or "all facts" supporting identified allegations or defenses. *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 445, 446-447 (D. Kansas 2000). Accordingly, the Court hereby modifies each interrogatory to seek "the material or principal facts" instead of "all facts" and GRANTS the Motion to Compel these interrogatories as modified.

### 2.   Attorney Client Privilege

INSCORP moves to compel further responses to Interrogatory Numbers 6, 10-17, 19, 20, 24 and 25 from Mancini and to Interrogatory Numbers 25 and 28 from SMP on the ground that Plaintiffs have improperly asserted the attorney-client privilege. Rule 26 provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5). A privilege log should contain the following information: (1) the identity and position of its author; (2) the identity and position of the recipient(s); (3) the date it was prepared or written; (4) the title and description of the document; (5) the subject matter addressed; (6) the purposes for which it was prepared or communicated; (7) the document's present location; and (8) the specific privilege or other reason it is being withheld. *Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D.Cal. 1992).

INSCORP claims that Plaintiffs have failed to provide a privilege log to support their assertions of privilege. Plaintiffs claim that they have produced a privilege log. (Opp. at 8.) Plaintiff SMP, however, also claims that it produced redacted billing records to support *Brandt* fees "along with a privilege log addressing the redactions" and that it "should not be burdened with the production of a further privilege log for any and all protected documents Defendant seeks." (Opp. at 14.) No privilege

logs were included with any filing relating to this motion.  Accordingly, the Court is without sufficient information to determine whether Plaintiffs have produced sufficient privilege logs.  In order to make sure that Plaintiffs comply with their discovery obligations, the Motion is GRANTED as to these Interrogatory Numbers and Plaintiffs shall produce a privilege log in compliance with Rule 26(b)(5) as described above for every communication withheld under claim of privilege.

### 3. Brandt Fees

INSCORP seeks to compel a further response to Interrogatory Number 17, seeking "the amount of attorneys' fees and costs" Mancini has incurred in connection with this action.  Mancini responded only that the information is subject to the attorney-client privilege and work product immunity.  (Lozano Decl. Ex. D.)  INSCORP argues that Plaintiffs should have included this information in their Rule 26 initial disclosures as part of the damages calculations and should have responded in full to this interrogatory.  In Opposition, Mancini first argues that information relating to the underlying action is irrelevant.  This argument is non-sensical as the Interrogatory seeks information about fees in this suit.  Mancini next argues that the information is protected by a confidential settlement agreement.  Mancini, however, presents no authority for the novel proposition that she may shield relevant information from INSCORP because Mancini and SMP, both Plaintiffs, do not wish to share it with the Defendant.[3]  Mancini also argues that she "has provided a verified response to the Interrogatory, which Defendant may use at trial." (Opp. at 13.)  The entire response is: "Objection.  Vague and ambiguous; 'this action' was not defined.  Assuming 'this action' pertains to the bad faith action, this interrogatory is objected to as being subject to the attorney-client privilege and work product privileges." (Lozano Decl. Ex D at 29.)  Thus, Mancini has not provided any useful response that INSCORP could use at trial.

Finally, Mancini argues that the information is protected by the attorney-client privilege.  As INSCORP argues, Mancini has waived any privilege for this information.  Attorneys' fees incurred by a plaintiff to obtain benefits under an insurance policy are recoverable as economic damages resulting from the breach of the good faith covenant.  *Brandt v. Superior Court*, 37 Cal.3d 813, 817 (1985).  Only

---

[3]In order to protect any confidentiality, the parties shall treat all information in response to this interrogatory as "confidential."  The parties shall jointly submit a protective order to govern the use of confidential information.

those fees incurred to obtain benefits are recoverable, fees to obtain any amount that exceeds the amount due under the policy are not recoverable. *Id.; see also Essex Ins. Co. v. Five Star Dye House, Inc.*, 38 Cal.4th 1252, 1258 (2006) (fees attributable to recovery of emotional distress or punitive damages not recoverable under *Brandt*). By seeking to recover the fees expended in this litigation, Plaintiffs have waived the privileges that might have covered the information. *Luna v. Sears Life Ins*. Co., 2008 WL 2484596 at * 1 (S.D. Cal. Jan 11, 2008) (finding that a party may not protect the fee information from discovery while seeking fees as damages.)

Because the information sought is relevant and any privilege has been waived, the Motion to Compel is GRANTED as to Interrogatory Number 17.

### 4. Relevance Objections

INSCORP seeks to compel further responses to Interrogatory Numbers 5-13 and 21 on the ground that Mancini improperly objected that the Interrogatories sought irrelevant information. Mancini asserts that these Interrogatories seek information about Mancini in her role as plaintiff in the underlying action and are irrelevant to this action. INSCORP disputes this claim. The Interrogatories seek information about: the settlement negotiations and settlement amount of the underlying action; the damages and repairs to the property, including the cost of those repairs; and when Mancini became aware of the defects in the structures. (Mancini Responses, Lozano Decl. Ex. D.) INSCORP explains that the damages and repairs are relevant because INSCORP's indemnity obligation only arises if there is a manifestation of covered damages during the policy period. Thus the type of damage, as well as the type and cost of repairs are relevant to determine if INSCORP has any liability. INSCORP further explains that the allocation of settlement funds is relevant to determine the type of damages sustained by the underlying Plaintiffs. Accordingly, INSCORP has demonstrated the relevance of the information sought and the Motion to Compel is GRANTED as to these Interrogatories.

//
//
//
//
//

**C.     Motion to Compel Production of Documents**

On June 4, 2008, INSCORP served Requests for Production of documents on Mancini and on SMP.  (Lozano Decl. Exs B and C.)   Plaintiffs responded to these requests on March 23, 2009.  (*Id.* at Exs D and E.)  The parties met and conferred but could not resolve their differences.  (Lozano Decl. ¶¶ 10, 14.)

        1.     Production of Entire Universe of Documents on Disc

Rule 34 provides: "A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."  Fed. R. Civ. P 34(b)(2)(E)(I).  As described above, Plaintiffs have made the entire universe of documents produced, deposition transcripts, expert reports etc. available on 73 computer disks.  Plaintiffs contend that this manner of production is appropriate to respond to all of the document requests.  INSCORP argues that this production is not appropriate because the disks do not represent documents as they are kept in the ordinary course of business.  INSCORP asserts that each disk is "an amalgam of various documents from various sources."  (MPA at 5.)  INSCORP also asserts that the disks contain tens of thousands of pages.  (Reply at 2.)  Plaintiffs claim that it would be an undue burden to force them to respond to the document requests by specifying which documents respond to which requests.  Plaintiffs do not provide any support for their assertion that the burden to them of specifying which documents respond to which requests would outweigh the benefit to INSCORP.  The Court has no reason to doubt Plaintiffs' assertion that the documents were not "shuffled or mixed up."  (Opp at 8.)  Nonetheless, the Court also has no reason to doubt INSCORP's assertion that each disk is an amalgam of various documents.  Because the documents are not kept in the ordinary course of running the business of the depository, producing the entire universe of documents does not comport with the requirement that documents be produced as they "are kept in the usual course of business."  *See  Ultratech, Inc. v. Tamarach Scientific Co.*, 2005 WL 40074 at * 3 (N.D.Cal. Jan 05, 2005) ( "producing documents as they are maintained in storage is not as the documents are kept in the 'usual course of business.'") While it may be burdensome for Plaintiffs to review the entire universe of documents to ascertain which documents are responsive to the document requests, it would be even more burdensome for INSCORP to guess which documents are responsive to which requests.  Accordingly, the manner of production is not appropriate.  The Court

agrees, however, that multiple printouts do not make sense and Plaintiffs may respond to the document requests by providing a specific list of documents that are responsive to each request.  Plaintiffs must identify the documents, for example by bates number, such that INSCORP will have no difficulty identifying and locating the specific responsive documents.

### 2.     Undue Burden

INSCORP moves to compel further responses from Mancini as to Request for Production of Documents Numbers 1-9, 16, 20-25 and 27, claiming that Mancini improperly objected to these requests as unduly burdensome and merely referenced the document depository and the 73 disks produced. INSCORP also moves to compel further responses from SMP to Request for Production of Documents Numbers 1-13, 20, 24, 33-41, 43-47, 49-50, 54, and 55.  Plaintiffs argue that they have complied with their obligations to respond to discovery by stating that INSCORP may search through the entire universe of documents in the underlying litigation.  Plaintiffs do not assert that the documents requests are not relevant, only that they are unduly burdensome.  For the reasons explained above, it is not sufficient for Plaintiffs to refer to the entire universe of documents in the underlying action. Accordingly, the Motion to Compel is GRANTED as to these requests and Plaintiffs are ordered to supplement their responses by identifying which documents are responsive to which requests.

### 3.     Attorney-Client Privilege and Work Product Immunity

INSCORP moves to compel further responses from Mancini to Request for Production of Documents Numbers 10-15, 17-21 and 28.  INSCORP moves to compel further responses from SMP to Request for Production of Documents Numbers 6,7,9,10, 14-21, 24, 34-37, 41-49 and 51-53.  The document requests seek information about the settlement of the underlying action; the assignment of SMP's rights to Mancini; discussions with other plaintiffs in the underlying action; damages claimed in this action, including attorneys fees and costs and punitive damages; when SMP learned of the defects at the property; INSCORP's failure to provide a defense and Plaintiffs' claim that INSCORP owed a duty to defend and indemnify; and documents provided to experts.  (Lozano Decl. Exs. D, E.).  INSCORP moves to compel further responses, claiming that Mancini improperly asserted the attorney-client privilege and work product immunity without providing a privilege log.  INSCORP further argues that it is unlikely that every single document requested is privileged.  Mancini argues that the documents are

irrelevant because they relate to Mancini in her role as plaintiff in the underlying action; are protected by a confidential settlement agreement; and are protected by the attorney-client privilege. Mancini further argues that she should not have to produce a privilege log because the documents sought are irrelevant.

As discussed above, the damages claimed by Mancini is a proper subject of discovery and Plaintiffs may not use their own confidentiality agreement to hide documents from INSCORP. Also as discussed above, Plaintiffs must provide a proper privilege log in compliance with Rule 26(b)(5) for all documents withheld under claim of privilege. Accordingly, the Motion to Compel is GRANTED as to these requests and Plaintiffs are ordered to supplement their responses by identifying which documents are responsive to which requests.

### 4. Brandt Fees

INSCORP moves to compel further responses from Mancini to Request for Production of Documents Numbers 17-20, and from SMP to Request for Production of Documents Numbers 17, 18 and 22 seeking information about *Brandt* fees or fees incurred by Plaintiffs to compel payment of policy benefits. Plaintiffs are seeking *Brandt* fees as an element of damages in this action. As described above, only fees attributable to seeking policy benefits, as opposed to punitive damages, are recoverable. Thus, INSCORP argues that the redacted billing statements that Plaintiffs have provided are not sufficient for it to evaluate whether the fees are recoverable as *Brandt* fees. Moreover, as described above, Plaintiffs have waived the attorney client privilege as to the fees incurred by seeking the fees as damages. Accordingly, the Motion to Compel Production of Documents is GRANTED as to these Requests and Plaintiffs are ordered to supplement their responses by identifying which documents are responsive to which requests.

### 5. Miscellaneous

#### a. Mancini 14, 15, and 26

INSCORP moves to compel further responses from Mancini to Request for Production of Documents Numbers 17-20, seeking documents relating to the allocation of settlement funds; copies of the settlement checks and documents relating to damages arising from SMP's work. Plaintiffs object that this information is irrelevant and privileged. As discussed above, this information is relevant and

not privileged.  Accordingly, the Motion to Compel Production of Documents is GRANTED as to these Requests and  Plaintiffs are ordered to supplement their responses by identifying which documents are responsive to which requests.

            b.      SMP Responses that Rely Upon Other Responses

INSCORP moves to compel further responses from SMP to Request for Production of Documents Numbers 39, 42, 48, 53-55, 57-62, and 65, arguing that SMP has improperly referred to other responses.  SMP argues that it would be unduly burdensome for it to respond to all 70 document requests.  If the response is truly the same as to other requests, the burden of cutting and pasting the response is not undue.  If the response is not exactly the same, it is inappropriate to refer to it. Accordingly, the Motion to Compel Production of Documents is Granted as to these Requests and Plaintiffs are ordered to supplement their responses.

            c.      SMP Promises of Future Production

INSCORP moves to compel further responses from SMP to Request for Production of Documents Numbers 49-52, 68 and 70, claiming that SMP has promised to produce the documents at a at later time.  SMP opposes, arguing that is "unsure just how many versions of 'You have everything' can be said before INSCORP is satisfied." (Opp. at 13.)  The responses in question do state that documents will be produced.  Accordingly, the Motion to Compel Production of Documents is Granted as to these Requests and SMP must either produce additional documents or submit a statement signed under penalty of perjury that all responsive documents have been produced and specifically identified.

//
//
//
//
//
//
//
//
//

**III.    CONCLUSION**

For the foregoing reasons, It Is Hereby Ordered that The Motion to Compel Responses to Interrogatories is GRANTED and no later than **July 13, 2009** Plaintiffs shall supplement their responses to the Interrogatories and Requests for Production of Documents as described herein.  IT IS FURTHER ORDERED that, no later than **July 13, 2009** the parties shall submit a Joint Motion for Protective Order governing the use of confidential documents in this case.[4]

IT IS SO ORDERED.

DATED:  June 18, 2009

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

---

[4] The Court desires that the parties reach agreement on the terms of a protective order.  If the parties cannot agree, after a face to face meet and confer between lead trial counsel, the parties may submit a joint motion with a separate statement by each party as to any disputed issues.