1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CAROL MANCINI, *as assignee of San*
*Marino Plastering, Inc.; and* SAN MARINO
PLASTERING, INC.,

                    Plaintiffs,

v.

THE INSURANCE CORPORATION OF
NEW YORK; *and* DOES 1 through 300,
*inclusive*,

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil No.07cv1750-L(NLS)

**ORDER DENYING MOTION FOR
LEAVE TO FILE SUR-REPLY**

**[Docket No. 61.]**

On  May 4, 2009, INSCORP filed a Motion to Compel Further Responses to Requests for

Production of Documents.  [Docket No. 37.]  The motion was set for hearing on June 10, 2009, making

the Reply Brief due on June 3, 2009.[1]  On  On June 3, 2009, INSCORP timely  filed a Reply Brief.

[Docket No. 45.]  On June 8, 2009, INSCORP filed a supplemental declaration attaching a rebuttal

expert report which they received on June 4, 2009.  On June 10, 2009, Plaintiffs filed a "Sur-

Opposition" to the motion.  Because the Sur-Opposition was untimely and not properly signed, the

document was ordered stricken from the record. [Docket No. 60.]  On June 17, 2009, Plaintiffs filed the

Motion for Leave to File a Sur-Reply that is presently before the Court.  For the following reasons, the

Motion is DENIED.

_____

[1]The hearing date was vacated and the motion taken under submission. [Docket No. 53.]

07cv1750

Plaintiffs' Motion asserts that their "Sur-Opposition" was stricken "but Docket No. 45, the late supplemental pleading (supplementing INSCORP's Docket No. 44) which occasioned the filing of Docket NO. 58, has not been stricken." (Mtn at 2.)   Plaintiffs' Motion concludes that they need leave to file a sur-reply to address issues raised in the "so-called 'reply to response' filed June 3, 2009, six days after it had filed its actual reply brief (Docket No. 44) on May 27, 2009." (Mtn. at 3.)  INSCORP's Reply Brief, Docket Number 45, was timely filed on June 3, 2009.  Docket Number 44 is Plaintiff's Opposition Brief.  Thus, to extent that Plaintiffs actually meant to argue that the Reply Brief (Docket Number 45)  should be stricken as untimely and an unauthorized supplemental brief, that request is DENIED as entirely without merit.

Plaintiffs also argue that a Sur-Reply is warranted because INSCORP submitted "essentially its second set of Reply papers" making "new argument of fact and law for the first time." (Mtn. at 2.) Plaintiffs also complain that "INSCORP waited until after SMP filed its opposition memorandum to submit an additional memorandum of law and fact" with a declaration from expert witness James Baratta. (Mtn. at 2.) Plaintiffs are mistaken.  The Memorandum in Support of the Motion argued that Plaintiffs waived all privileges associated with attorney fees by claiming *Brandt* fees and that merely providing a statement of the amount of fees was insufficient.  (MPA at 9.)  The Additional Lozano Declaration adds no new legal arguments and does not warrant the filing of a Sur-Reply brief.[2]

To the extent that Plaintiffs seek to strike Docket Number 55, the supplemental declaration and Docket Number 56, the attachment to the supplemental declaration, that motion is GRANTED because the Court did not need to consider the supplemental declaration and attachment in ruling on the Motion to Compel Production of Documents[3]

//

//

---

[2]The Court is puzzled by Plaintiff's complaint that the document was filed after Plaintiffs filed their Opposition Brief.  Reply papers are not due until a week after opposition papers and are intended to contradict statements made in opposition.  *See* Civil L.R. 7.1(e)(2), (3).

[3]The Court has no reason to doubt  INSCORP's assertions that the document was not received until after the June 3, 2009 Reply Brief was filed and that INSCORP planned to produce the report at the hearing.  The Court finds it was not improper for INSCORP to submit the declaration and report as soon as it learned that the hearing date had been vacated.

07cv1750

For the foregoing reasons, It Is Hereby Ordered that:

1.    The Motion for Leave to File a Sur-Reply Brief is DENIED;

2.    The Request to Strike the timely filed Reply Brief is DENIED; and

3.    The Request to Strike the Additional Lozano Declaration and Report is GRANTED and the Clerk of Court is directed to strike Docket Numbers 55 and 56.

IT IS SO ORDERED.

DATED:  June 23, 2009

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

07cv1750