UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL MANCINI, *et al.,*<br><br>            Plaintiffs,<br><br>v.<br><br>THE INSURANCE CORPORATION OF NEW YORK,<br><br>            Defendant. | Civil No. 07cv1750-L(NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S *EX PARTE* MOTION TO STAY PROCEEDINGS** [doc. #65] |

On June 23, 2009, defendant Insurance Corporation of New York ("INSCORP") filed an *ex parte* motion to stay the proceedings in the above-captioned case. In its application to stay this action, INSCORP provided notice that the New York Supreme Court entered a Temporary Restraining Order enjoining prosecution of all actions against INSCORP throughout the United States. The motion for a TRO was brought by the New York State Superintendent of Insurance. Thereafter, on June 29, 2009, the New York Supreme Court entered an Order of Rehabilitation with respect to INSCORP. (Lozano Declar., Exh. A.)

The Order of Rehabilitation provides, *inter alia*, that:

> 10.   All persons are permanently enjoined and restrained from commencing or prosecuting any actions or proceedings against INSCORP, . . . with respect to claims against INSCORP;
>
> 11.   All persons are permanently enjoined and restrained from obtaining preferences, judgments, attachments or other liens, or making any levy against

INSCORP's assets or any party thereof; . . .

*Id.*

As a result of the Order of Rehabilitation and because both New York and California have adopted the Uniform Insurers Liquidation Act ("UILA"), – which makes them reciprocal states – defendant argues that this action must be stayed. Plaintiffs oppose the stay contending under Ninth Circuit law, the UILA does not prohibit plaintiffs from maintaining the present *in personam* action. *See Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Ill.*, 421 F3d 835 (2005).

The purpose of the UILA was to provide for a uniform, orderly and equitable method of making and processing claims against a defunct insurer and to provide for a fair procedure to distribute the assets of the insolvent insurance carrier. *Id.* at 852, fn. 20 (citing *G.C. Murphy Co. V. Reserve Ins. Co.,* 54 N.Y. 2d 69 (Ct. App. 1981). In other words, the UILA "bar[s] claimants from directly interfering with liquidation proceedings." *Id.* at 855.

The UILA prevents actions in California to enforce or collect on a judgment against an insurer in insolvency proceedings in a reciprocal state: "[N]o action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in the courts of this state against the delinquent insurer or its assets." *Id*. (quoting CAL. INS. CODE § 1064.9). The *Hawthorne* Court noted that this "language suggests that an 'action or proceeding' may be maintained *unless* it is "in the nature of an attachment, garnishment, or execution.'" *Id*. (emphasis in original). Therefore, the *Hawthorne* Court held that the UILA does not prohibit a party from maintaining a California in personam action to obtain a judgment against an insurer in insolvency proceedings elsewhere. *Id.* ("(A)n action in personam to establish the extent of an insolvent's liability on a claim is held not to interfere with the receivership res." ). Accordingly, under Ninth Circuit law interpreting California law, an in personam action against a receivership defendant in a reciprocal UILA state need not be brought in the receivership court and a stay in the federal or state court is unwarranted.

But defendant contends that this Court should not apply *Hawthorne* but instead should rely upon an earlier California Supreme Court case, *Webster v. Superior Court of Los Angeles County,* 46 Cal. 3d 596 (1988). In *Webster*, plaintiff filed an action in the California state court

based on injuries he had suffered during a shooting at the offices of his employer that shared offices with Enterprise Insurance Company ("Enterprise"). Enterprise, a California insurance company, had liability insurance coverage for Webster's lawsuit. *Id.* at 342. While Webster's case was proceeding, Enterprise was placed in insolvency proceedings. The Insurance Commission of California ("Commissioner") obtained an order that provided that "all persons are hereby enjoined from maintaining or instituting any action at law or suit in equity . . ." against Enterprise or the Commissioner. *Id.* at 342. Webster sought relief from the stay which was denied. In response, Webster offered to stipulate that he would seek to recover from Enterprise's liability insurance carrier only and not from Enterprise's assets. The court of appeals affirmed the denial of the lift stay order based upon California Insurance Code § 1020.

Section 1020 provides in relevant part:

> [T]he court shall issue such other injunctions or orders as may be deemed necessary to prevent any or all of the following occurrences:
>
> (a) Interference with the commissioner or the proceeding.
> . . .
> (c) The institution or prosecution of any actions or proceedings.

In reversing the court of appeals, the California Supreme Court held that § 1020 did not require the mandatory imposition of a stay of proceedings against an insolvent insurer. *Webster*, 46 Cal. 3d at 343. Instead, a stay is discretionary. *Id.* at 345. Noting that Enterprise was both an insurer and an insured, the Court found that Enterprise's status as an insured was controlling and Insurance Code § 11580 was applicable which allows a direct action against an insolvent insured tortfeasor. *Id.* at 346. Therefore, the Court lifted the stay and allowed Webster to maintain his action against Enterprise because its assets would be preserved as any recovery would be paid by Enterprise's insurance carrier.[1]

Here, defendant has indicated that INSCORP has no insurance coverage against plaintiff's bad faith claims and the only assets plaintiff can proceed against with respect to the

---

[1] The Court required Webster to notify the court supervising the insolvency action that he "unequivocally elect[ed] to recover payment of any judgment against Enterprise only from its insurers and that he [would] not under any circumstances seek to recovery from Enterprise's assets. *Webster*, 46 Cal. 3d at 350.

bad faith claims are INSCORP's own assets. The New York court has ordered INSCORP's assets be preserved as part of its liquidation.

If plaintiffs' complaint were based solely on bad faith claims, there would be an argument that no insurance would be available to pay plaintiffs claims if they are successful. However, plaintiffs also bring claims for breach of written contract based on failure to defend and failure to indemnify. INSCORP is silent as to whether it has insurance coverage for such claims. If it does, then plaintiffs should be permitted to maintain their breach of contract claims because INSCORP's assets would not be impacted.

Based on the foregoing, **IT IS ORDERED** defendant's *ex parte* motion to stay proceedings is **DENIED** with respect to plaintiffs' first and second causes of action for breach of contract, and is **GRANTED IN PART** with respect to plaintiffs' claims based on breach of the implied covenant of good faith and fair dealing. INSCORP shall within 30 days communicate this court's decision to the New York Supreme Court and the New York Superintendent of Insurance. **IT IS FURTHER ORDERED** that the action shall proceed immediately as to plaintiffs' breach of contract claims.

**IT IS SO ORDERED.**

DATED: March 15, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL